Filed 9/8/25  P. v. Beck CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101290 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F06389) |
| v. | |
| FRED DALE BECK, | |
| Defendant and Appellant. | |

Defendant Fred Dale Beck appeals from an order denying his petition for resentencing of his attempted murder conviction under Penal Code section 1172.6. Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, and defendant has filed a supplemental brief.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.)  We have reviewed defendant's supplemental brief.  The contentions he raises are not cognizable on appeal because they rely on information outside the appellate record.  We therefore affirm.

1

BACKGROUND

In 2003, a jury found defendant guilty of premeditated and deliberate attempted murder, corporal injury on a spouse, and assault with a deadly weapon, with an enhancement as to all three counts that defendant inflicted great bodily injury under circumstances involving domestic violence.

In 2005, this court affirmed defendant's conviction. (*People v. Beck* (April 28, 2005, C045913) [nonpub. opn.].)

In December 2023, defendant filed a petition for resentencing. The court appointed counsel, the People filed a response, and defendant filed a reply.

On May 2, 2024, the trial court issued a written order denying the petition. The court stated it had reviewed the petition, case law, CALJIC jury instructions from the relevant time period, and other materials. The trial court found that the jury convicted defendant of attempted murder without considering the natural and probable consequences doctrine because the trial court did not instruct the jury on the doctrine. The trial court concluded defendant was not eligible for relief as a matter of law.

Defendant appeals.

DISCUSSION

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court laid out applicable procedures for such cases saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in [the] brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

In his supplemental brief, defendant contends that during the pendency of his direct appeal he learned that a witness for the prosecution had been dating and later

married a correctional officer who had intercepted defendant's mail and communications when defendant was incarcerated in the county jail. Defendant contends this conduct, which was improper and kept secret, would have affected the jury's impression of the witness. Defendant also relates that his family members observed the prosecutor coaching this witness, but defense counsel admonished defendant to tell defendant's family to refrain from talking to defendant's defense counsel. Finally, defendant notes that a witness who testified against him was prosecuted for defrauding defendant and others and served a lengthy sentence in federal prison.

Defendant's contentions are not cognizable on appeal because they rely on information outside the appellate record. (*Schmier v. Supreme Court* (2000) 78 Cal.App.4th 703, 711-712.)

Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


/s/_____
MESIWALA, J.


We concur:



_____
HULL, Acting P. J.



_____
DUARTE, J.

3